UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE CHARLES BROWN,<br>Plaintiff,<br>v.<br>CORONA, et al.,<br>Defendants. | Case No.: 1:25-cv-01340-KES-CDB<br>**ORDER DENYING MOTION TO APPOINT COUNSEL**<br>**ORDER DENYING PLAINTIFF'S REQUEST FOR COPIES**<br>**ORDER DENYING PLAINTIFF'S REQUEST FOR EXTENSION OF TIME AS MOOT**<br>(Doc. 16) |

Plaintiff Lonnie Charles Brown is appearing pro se and *in forma pauperis* in this civil rights action.

## I. RELEVANT BACKGROUND

On January 26, 2026, the Court issued its First Screening Order, directing Plaintiff to cure identified deficiencies in the complaint and to file a first amended complaint within 21 days. (Doc. 7.)

When Plaintiff did not timely respond to the Court's screening order, on February 23, 2026, the Court issued its Order to Show Cause (OSC) in Writing Why This Action Should Not Be Dismissed for Plaintiff's Failure to Respond to the First Screening Order. (Doc. 8.) Plaintiff was directed to file a response within 14 days. (*Id.*)

On March 12, 2026, when Plaintiff failed to respond to the Court's OSC concerning his failure to file a first amended complaint or a notice of voluntary dismissal, the undersigned issued Findings and Recommendations to Dismiss Action Without Prejudice for a Failure to Obey Court Orders and Failure to Prosecute. (Doc. 10.) Any objections were to be filed within 14 days. (*Id*. at 4-5.)

On March 16, 2026, Plaintiff filed a Request for Extension of Time to Respond to the Court's Order. (Doc. 11.)

On March 18, 2026, the Court vacated the Findings and Recommendations and granted Plaintiff an extension to April 9, 2026, within which to file his first amended complaint. (Doc. 12.)

On April 17, 2026, after Plaintiff failed to file a first amended complaint as ordered, the Court issued Findings and Recommendations to dismiss this action for Plaintiff's failure to state a claim, failure to obey court orders, and failure to prosecute. (Doc. 17.) Plaintiff did not file objections and the Findings and Recommendations were pending review by the assigned district judge.

On July 6, 2026, Plaintiff filed a document titled "plaintiffs explanation to the Court as to why this case should not be dismissed," docketed as a motion for an extension of time. (Doc. 14.)

On July 8, 2026, the Court again vacated its Findings and Recommendations to dismiss this action and granted Plaintiff an extension to August 10, 2026, within which to file a first amended complaint. (Doc. 15.)

On August 12, 2026, Plaintiff filed a document titled "Emergency Power Motion," docketed as a motion to appoint counsel.[1] (Doc. 16.) That same date, Plaintiff filed a first amended complaint, dated and signed by Plaintiff on August 6, 2026. (Doc. 17.)

**II. DISCUSSION**

Plaintiff asks the Court to appoint him counsel "due attacks, and constriction of several manipulative action including stolen letter from this court that is requiring a reply of such actions

[1] The filing is signed and dated August 6, 2026.

plaintiff need to respond to." Further, Plaintiff states he needs "copies of all [aforementioned proceedings]" as well as an extension "on the time within which to file with such assisted representation regarding such deadline re amended complaint: 8/10/2026."

Request to Appoint Counsel

Plaintiffs do not have a constitutional right to appointed counsel in section 1983 actions. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998). Nor can the Court require an attorney to represent a party under 28 U.S.C. § 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Given that the Court has no reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in extraordinary cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks & citations omitted).

First, the Court must evaluate the likelihood of Plaintiff's success on the merits of his claims. *Rand*, 113 F.3d at 1525. Plaintiff's complaint was screened on January 26, 2026, and the undersigned determined that Plaintiff had failed to state a cognizable claim against any named Defendant. (Doc. 7.) Thus, at present, there is Plaintiff cannot show a likelihood of succeeding on the merits of his claims.

Next, the Court must also evaluate Plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved. *Rand*, 113 F.3d at 1525. Here, the Court finds Plaintiff is able to articulate his claims in light of their complexity. The Court construed Plaintiff's complaint to allege Eighth Amendment conditions of confinement claims against all named Defendants. Such claims are not complex. *Bonin v. Vasquez*, 999 F.2d 425, 428–29 (9th Cir. 1993) (while Plaintiff may have limited knowledge of the law, the Court does not find the issues in this case "so complex that due process violations will occur absent the presence of

counsel"); *Daniel v. Lynch*, No. 2:23-cv-0384 AC P, 2025 WL 437329, at *1 (E.D. Cal. Feb. 7, 2025) ("Eighth Amendment claims based on conditions of confinement are not complex").

Plaintiff asserts a "letter" from this Court was "stolen." However, the obstruction of mail is not an exceptional circumstance warranting the appointment of counsel. *See Allen v. Currier*, No. 20-CV-1389 JLS (LR), 2023 WL 2087963, at *3 (S.D. Cal. Feb. 17, 2023) (denying appointment of counsel where plaintiff alleged his mail was delayed or missing and obstructing his access to the court).

To the extent Plaintiff contends harassment or retaliation warrants the appointment of counsel, he is mistaken. *See, e.g.*, *Cortez v. McGhee*, No. 1:24-cv-00941 GSA (PC), 2025 WL 401217, at *2 (E.D. Cal. Jan. 24, 2025) (denying counsel where plaintiff asserted he was being retaliated against); *Calloway v. YouSee*, No. 1:21-cv-01450-JLT-BAM, 2023 WL 4711035, at *2-3 (E.D. Cal. July 24, 2023) (same); *Marsala v. Diaz*, No. 1:22-cv-00843-BAM (PC), 2022 WL 2818737, at **1 (E.D. Cal. July 19, 2022) (same); *Reed v. Paramo*, No. 18cv361-JLS-LL, 2020 WL 8483902, at *2 (S.D. Cal. Jan. 10, 2020) ("Plaintiff states that retaliation and harassment are reasons why the Court should appoint counsel, but that is not the test").

Next, Plaintiff's indigency and incarceration do not qualify as exceptional circumstances warranting the appointment of counsel. *See, e.g., Dijkstra v. Campos*, No. 1:21-cv-01223-HBK, 2022 WL 222518, at *1 (E.D. Cal. Jan. 25, 2022) ("Plaintiff's indigence does not qualify 'as an exceptional circumstance in a prisoner civil rights case'"); *Gipbsin v. Kernan*, No. 2:12-cv-0556 KJM DB P, 2021 WL 242570, at *2 (E.D. Cal. Jan. 25, 2021) (same); *Robinson v. Cryer*, No. 1:20-cv-00622-HBK (PC), 2021 WL 9541411, at *1 (E.D. Cal. Jan. 11, 2021) (same). Accord *Callender v. Ramm*, No. 2:16-cv-0694 JAM AC P, 2018 WL 6448536, at *3 (E.D. Cal. Dec. 10, 2018) ("The law is clear: neither plaintiff's indigence, nor his lack of education, nor his lack of legal expertise warrant the appointment of counsel").

Further, circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. *See, e.g.*, *Faultry v. Saechao*, No. 2:18-cv-1850 KJM AC P, 2020 WL 2561596, at *2 (E.D. Cal., May 20, 2020) (stating that "[c]ircumstances common

to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances supporting appointment of counsel"); *see also Rand*, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realm of discovery and the securing of expert testimony"). Indeed, the fact that an attorney may be better able to perform research, investigate, and represent Plaintiff does not change the analysis. There is little doubt most pro se litigants "find it difficult to articulate [their] claims," and would be better served with the assistance of counsel. *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986). For this reason, in the absence of counsel, federal courts employ procedures which are highly protective of a pro se litigant's rights. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding pro se complaint to less stringent standard) (per curiam). In fact, where a plaintiff appears pro se in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Thus, where a pro se litigant can "articulate his claims" in light of the relative complexity of the matter, the "exceptional circumstances" which might require the appointment of counsel do not exist. *Wilborn*, 789 F.2d at 1331; accord *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

In sum, the test is not whether Plaintiff would benefit from the appointment of counsel; the test is whether exceptional circumstances exist. *Wilborn*, 789 F.2d at 1331. Here, the undersigned concludes no exceptional circumstances exist warranting the appointment of counsel. Thus, Plaintiff's motion will be denied.

<u>Request for Copies</u>

Plaintiff seeks "copies of all [aforementioned proceedings]." However, Plaintiff is not entitled to copies at no cost. *See, e.g.*, *Felix v. Clendenin*, No. 1:19-cv-01784-AWI-BAM (PC), 2021 WL 9666619, at *2 (E.D. Cal. Aug. 26, 2021) ("litigants proceeding in forma pauperis are still responsible for paying for their own copies and postage when sending documents and motions to the Court"); *Blair v. CDCR*, No. 1:14-cv-01156-LJO-SAB (PC), 2018 WL 1959532,

at *6 fn. 2 (E.D. Cal. Apr. 25, 2018) ("a litigant permitted to proceed in forma pauperis, such as in this case, is merely permitted to file his lawsuit without payment of the filing fee. See 28 U.S.C. § 1915"). (*See also* Doc. 2 at 3 ["The Court will not make copies of filed documents or provide postage or envelopes for free even for parties proceeding in forma pauperis"].) Generally, the Clerk's Office will provide copies at a cost of $0.50 per page. Plaintiff's request for copies will be denied. If Plaintiff wishes "copies of all" documents filed in this action, he should submit his request to the Clerk's Office accompanied by payment for copying costs.

Request for an Extension of Time

Plaintiff seeks an extension of time regarding the filing of a first amended complaint. However, Plaintiff filed a first amended complaint simultaneously with the instant filing. Therefore, his request for an extension of time is moot and will be denied on that basis. The Court will screen the first amended complaint in due course.

## III. CONCLUSION AND ORDER

Accordingly, the Court **HEREBY ORDERS** that:

1. The motion to appoint counsel is **DENIED**;
2. The request for copies is **DENIED**; and
3. The request for an extension of time to file an amended complaint is **DENIED** as moot.

IT IS SO ORDERED.

Dated: **August 14, 2026**

UNITED STATES MAGISTRATE JUDGE