UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LONNIE CHARLES BROWN,

Plaintiff,

v.

CORONA, et al.,

Defendants.

Case No.: 1:25-cv-01340-KES-CDB

**FINDINGS AND RECOMMENDATIONS TO DISMISS FIRST AMENDED COMPLAINT, WITHOUT LEAVE TO AMEND, FOR A FAILURE TO STATE A CLAIM FOLLOWING SCREENING**

(Doc. 17)

14-Day Objection Period

Plaintiff Lonnie Charles Brown appears pro se and *in forma pauperis* in this civil rights action.

The Court issued its first screening order on January 26, 2026, finding Plaintiff's complaint failed to state a cognizable claim against any named Defendant and granting Plaintiff leave to amend his complaint to cure the identified deficiencies. (Doc. 7.) After granting two untimely requests by Plaintiff to continue the deadline to file an amended complaint (Docs. 12, 15), on August 12, 2026, Plaintiff filed the operative first amended complaint (Doc. 17), which is before the Court for screening.

**I. SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

The Court must dismiss a complaint or portion thereof if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## II. PLEADING REQUIREMENTS

### A. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claims showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks & citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Id*. (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of pro se prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," not his legal theories. *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks & citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks & citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not

sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks & citation omitted).

**B. Linkage and Causation**

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under section 1983, a "plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998); *see also Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation") (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71, 375-77 (1976)). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legal required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

**C. Supervisory Liability**

Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676-77; *see e.g., Simmons v. Navajo Cnty., Ariz*., 609 F.3d 1011, 1020-21 (9th Cir. 2010) (plaintiff required to adduce evidence the named supervisory defendants "themselves acted or failed to act unconstitutionally, not merely that subordinate did"), *overruled on other grounds by Castro v. Cnty of Los Angeles,* 833 F.3d 1060, 1070 (9th Cir. 2016); *Jones v. Williams,* 297 F.3d 930, 934 (9th Cir. 2002) ("In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation: there is no respondeat superior liability under section 1983").

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). Accord *Starr v. Baca*, 652 F.3d 1202, 1205-06 (9th Cir. 2011) (supervisory liability may be based on inaction in the training and supervision of subordinates).

Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." *Redman v. Cnty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations & quotations marks omitted), *abrogated on other grounds by Farmer v. Brennan*, 511 U.S. 825 (1970).

To prove liability for an action or policy, the plaintiff "must ... demonstrate that his deprivation resulted from an official policy or custom established by a ... policymaker possessed with final authority to establish that policy." *Waggy v. Spokane Cnty. Washington*, 594 F.3d 707, 713 (9th Cir. 2010). When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

## III. DISCUSSION

### A. Plaintiff's First Amended Complaint

Plaintiff names Captain Frazier, Sergeant Corona, "L. Sherwood, Office of Grievances – Reviewing Authority," and "Facility C, Plant Operations" at the California Substance Abuse Treatment Facility (SATF) as defendants in this action. (Doc. 17 at 1-2.) He seeks compensatory and punitive damages (*id*. at 3) and attaches six exhibits (*id*. at 4-16).

### B. The Factual Allegations

Plaintiff states he "is alleging that the above named Defendants have failed to redress the

suffering conditions as a result of stifling [ventilation], inadequate circulation of air flow, and a congested air conditioning unit within Incarcerated Persons assigned cell," causing him mental and physical harm in violation of the Eighth Amendment. (Doc. 17 at 1.)

Plaintiff alleges he filed grievance log number 701692 on February 23, 2025. (Doc. 17 at 3.) On April 19, 2025, Plaintiff spoke to Defendants Corona and Frazier "about the suffering conditions" he was living in, but neither "[resolved] the suffocating problem." (*Id.*) Plaintiff states: "Evidence of a work order submitted to Plant Operations on 2-19-2025, but from February 2025 to September 2025, the suffering conditions still prevail, without recourse nor remedy by the CDCR." (*Id.*) Plaintiff asserts Defendant Sherwood's response to his grievance was "indifferent, and does nothing to fix the ongoing stifling [ventilation], and the inadequate air conditioning air flow that does not circulate out the humidity and extreme temperatures within cell." (*Id.*)

**C. Plaintiff Fails to State an Eighth Amendment Claim**

***Applicable Legal Standards***

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825 (1994); *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Thus, no matter where they are housed, prison officials have a duty to ensure that prisoners are provided with adequate shelter, food, clothing, sanitation, medical care, and personal safety. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks & citations omitted). To establish a violation of the Eighth Amendment, the prisoner must "show that the officials acted with deliberate indifference …." *Labatad v. Corrections Corp. of America*, 714 F.3d 1155, 1160 (9th Cir. 2013) (citing *Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002).

The deliberate indifference standard involves both an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer*, 511 U.S. at 834. Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." *Id*. at 837; *Anderson v. Cnty. of Kern*, 45 F.3d 1310, 1313 (9th Cir. 1995).

Objectively, extreme deprivations are required to make out a conditions of confinement claim and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Although the Constitution "'does not mandate comfortable prisons,'" *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)), "inmates are entitled to reasonably adequate sanitation, personal hygiene, and laundry privileges, particularly over a lengthy course of time," *Howard v. Adkison*, 887 F.2d 134, 137 (8th Cir. 1989). Some conditions of confinement may establish an Eighth Amendment violation "in combination" when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise — for example, a low cell temperature at night combined with a failure to issue blankets. *Wilson*, 501 U.S. at 304-05 (comparing *Spain v. Procunier*, 600 F.2d 189, 199 (9th Cir. 1979) [outdoor exercise required when prisoners otherwise confined in small cells almost 24 hours per day] with *Clay v. Miller*, 626 F.2d 345, 347 (4th Cir. 1980) [outdoor exercise not required when prisoners otherwise had access to dayroom 18 hours per day]). To say that some prison conditions may interact in this fashion is far from saying that all prison conditions are a seamless web for Eighth Amendment purposes. *Id*. Amorphous "overall conditions" cannot rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists. *Id*. Further, temporary conditions of confinement do not necessarily rise to the level of constitutional violations. *See Anderson*, 45 F.3d 1310 (citing to *Hoptowit v. Ray*, 682 F.2d 1237, 1258 (9th Cir. 1982), abrogated on other grounds by *Sandin v. Conner*, 515 U.S. 472 (1995) (in evaluating challenges to conditions of confinement, length of time the prisoner must go without basic human needs may be considered)).

In addition to demonstrating an objectively significant deprivation, a plaintiff also must show that prison officials acted with a sufficiently culpable state of mind, that of "deliberate indifference." *Wilson*, 501 U.S. at 303; *Labatad*, 714 F.3d at 1160. "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir.2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could

be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id*. at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson*, 290 F.3d at 1188). To prove knowledge of the risk, however, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. *Farmer*, 511 U.S. at 842; *Wallis v. Baldwin*, 70 F.3d 1074, 1077 (9th Cir. 1995).

Inadequate ventilation and air flow can violate the Eighth Amendment if it "'undermines the health of inmates and the sanitation of the penitentiary.'" *Keenan v. Hall*, 83 F.3d 1083, 1090 (9th Cir. 1996) (quoting *Hoptowit v. Spellman*, 753 F.2d 779, 784 (9th Cir. 1985)); *cf. Graves v. Arpaio*, 623 F.3d 1043, 1048-49 (9th Cir. 2010) ("air temperatures above 85º greatly increase the risk of heat-related illnesses for individuals who take psychotropic medications").

***Analysis***

Plaintiff's first amended complaint is essentially identical to his original complaint. Despite being advised of the deficiencies identified in the First Screening Order (*see* Doc. 7) and being granted several extensions of time (*see* Docs. 11, 12, 14-15), Plaintiff fails to cure those deficiencies. In fact, the Court perceives no effort to address the deficiencies in any way. A comparison of the original complaint and the first amended complaint reveals that Plaintiff's claim is unchanged. (*Cf*. Doc. 1 at 4 to Doc. 17 at 3.)

As the Court previously explained (*see* Doc. 7 at 7), Plaintiff fails to allege sufficient facts to show the conditions about which he complains were sufficiently serious because "he makes no reference to the temperatures in his cell other than a vague reference to an 'extreme temperature.'" *See Hudson*, 503 U.S. at 9. It is unclear how inadequate ventilation and air flow undermines Plaintiff's health. *Keenan*, 83 F.3d at 1090.

Additionally, as before (*see* Doc. 7 at 7-8), Plaintiff fails to allege any facts showing that Defendant Corona and Frazier "knew of and disregarded an excessive risk to his health or safety" because the allegation that Plaintiff spoke with Corona and Frazier on April 19, 2025, "about the suffering conditions" he was living under do not address how those individuals knew the

temperatures in Plaintiff's cell presented "an excessive risk" to Plaintiff. There are no facts alleged indicating Corona or Frazier had any knowledge about Plaintiff's physical or mental health. Vague references to "suffering conditions" or a "suffocating problem" are insufficient to state a claim. *Iqbal*, 566 U.S. at 678. And, once again (*see* Doc. 7 at 8), there are no facts indicating that Corona and/or Frazier's actions or inaction concerning the air flow and ventilation system at SATF were intended to punish Plaintiff. *Wilson*, 501 U.S. at 303; *Labatad*, 714 F.3d at 1160; *Toguchi*, 391 F.3d at 1060.

Next, as with his original complaint, even liberally construed and accepting all facts as true, Plaintiff fails to allege sufficient facts to establish harm. Plaintiff merely states his "mental well being and physical health [] suffer beyond the limits …" (*see* Doc. 17 at 1) and that he "has been suffering and suffocating in his assigned cell …" (*id*. at 3) but fails to explain or even to describe *how* his mental and physical health have suffered. It is unclear what symptoms or conditions affected Plaintiff as a result of the inadequate air flow or circulation. Vague and conclusory allegations are insufficient to state a claim. *Iqbal*, 556 U.S. at 678*; e.g., San Joaquin Deputy Sheriffs' Ass'n v. Cnty. of San Joaquin*, 898 F. Supp. 2d 1177, 1192-93 (E.D. Cal. 2012) (finding plaintiff's allegations of "severe emotional distress" and "physical and emotional injuries" to be "conclusory and not entitled to a presumption of truth" because plaintiff "provided no further factual allegations to support" the claim). The Court is not required to accept legal conclusions such as these. *Iqbal*, 556 U.S. at 678.

Further, as before (*see* Doc. 7 at 8-9), Plaintiff alleges Defendant Sherwood was "indifferent, and does nothing to fix the ongoing stifling [ventilation], and the inadequate air conditioning air flow that does not circumstance out the humidity and extreme temperatures within cell." (Doc. 17 at 3.) As the Court previously explained, this conclusory assertion does not establish Sherwood knew of and disregarded an excessive risk to Plaintiff's health and safety. *Iqbal*, 556 U.S. at 678. In any event, it is now clear that Plaintiff cannot state a claim against Defendant Sherwood because any allegations involving Sherwood relate to the denial of Plaintiff's grievance. And prisoners do not have "a separate constitutional entitlement to a specific prison grievance procedure." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003)

(citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988)). Nor does a prisoner have a right to a particular grievance outcome. *Jordan v. Asuncion*, No. CV 17-1283 PSG (SS), 2018 WL 2106464, at *3 (C.D. Cal. May 7, 2018) ("[A] prisoner [does not] have a constitutional right to any particular grievance outcome"); *Williams v. Cate*, No. 1:09-cv-00468-OWW-YNP PC, 2009 WL 3789597, at *6 (E.D. Cal. Nov. 10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative claims"). Thus, Plaintiff cannot state a claim against Defendant Sherwood and granting Plaintiff leave to amend such a claim would be futile. *Hartmann v. CDCR*, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile").

Finally, in this first amended complaint,[1] Plaintiff names "Facility C, Plant Operations" but provides no facts about plant operations. (*See* Doc. 17 at 3.) Moreover, SATF's "Facility C, Plant Operations" is not a person subject to suit under section 1983. *See, e.g.*, *Groten v. California*, 251 F.3d 844, 851 (9th Cir. 2001) (holding that a state commission is not a "person" and "therefore cannot be sued under [§ 1983]"); *Hale v. Arizona*, 993 F.2d 1387, 1399 (9th Cir. 1993) (holding that a state department of corrections is an arm of the state, and thus, not a "person" within the meaning of § 1983), *abrogated on other grounds as recognized by Nwauzor v. GEO Grp., Inc.*, 62 F.4th 509, 514-15 (9th Cir. 2023); *Blair v. CDCR*, No. 1:14-cv-01156-SAB (PC), 2015 WL 737730, at *3 (E.D. Cal. Feb. 20, 2015) (same). Thus, granting Plaintiff leave to amend this claim would be futile. *Hartmann*, 707 F.3d at 1130.

In short, because Plaintiff's first amended complaint is deficient for the same reasons as those articulated in the Court's original screening order (Doc. 7) and because Plaintiff has failed to remedy those deficiencies, the Court assesses that Plaintiff cannot cure his pleadings and, thus, that leave to amend would be futile. *Id.* at 1129-30 (affirming dismissal of first amended complaint and finding leave to amend futile where complaint's allegations belied plaintiff's entitlement to relief).

---

[1] In the original complaint, Plaintiff named the "Stationary Engineer/Plant Operations" as a named defendant. (Doc. 1 at 1-3.) In the First Screening Order, Plaintiff was advised that if he did not know that individual's actual name, he should identify the individual "as a John and/or Jane Doe." (*See* Doc. 7 at 9, n.2.)

## IV. CONCLUSION AND RECOMMENDATIONS

Accordingly, for the reasons stated above, the undersigned **HEREBY RECOMMENDS** as follows:

1. That Plaintiff's first amended complaint (Doc. 17) be **DISMISSED** without leave to amend for a failure to state a claim upon which relief can be granted; and
2. That any pending or deadlines be terminated and that this action be closed.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). **Within 14 days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Objections, if any, shall not exceed 15 pages. Any pages filed above the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections. Failure to file objections within the specified time may result in the waiver of the right to challenge the magistrate judge's factual findings on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 11, 2026**

UNITED STATES MAGISTRATE JUDGE